Jerry ATKINS, Administrator of the Estate of Jack Zeigfinger, Deceased, Appellant,

v.

Howard W. HORNE, Administrator with Will annexed of the Estate of Allen Field, Deceased, Appellee.

No. 530.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 11, 1971.

Rehearing Denied Sept. 1, 1971.

---

Jerry K. Atkins, Keeney, Atkins, Simon & Moore, Morris Bogdanow, Lawrence T. Newman, Houston, for appellant.

Michael R. Waller, Larry W. Bass, Childs, Fortenback, Beck & Guyton, Houston, for appellee.

BARRON, Justice.

On or about February 28, 1967, Allen Field Enterprises' check in the sum of $10,000.00 was issued and made payable to the order of Jack Zeigfinger. Said check bears date of June 1, 1967, and was signed by Wayne L. Edmundson and Francis Casey, employees Allen Field Enterprises. The post-dated check was deposited with Mercantile Bank of Houston, said bank forwarding the check on May 19, 1967, to Houston Bank & Trust Company, Field's bank, for collection. Payment had been stopped on such check, and accordingly, Houston Bank & Trust Company refused payment.

Zeigfinger died on May 27, 1967, and this litigation was initiated by Jerry K. Atkins, as administrator with will annexed of the estate of Jack Zeigfinger, deceased, as plaintiff, on August 31, 1967, against Allen Field, individually and d/b/a Allen Field Enterprises. The basis of said action was an alleged loan made by Zeigfinger to Field in the amount of $10,000.00 as evidenced by the check described above.

Prior to Allen Field's death in 1969, he filed an answer to the above suit by Zeigfinger's administrator consisting of a general denial, a special denial alleging that the claimed debt was not just, due and unpaid, and by way of set-off, Field alleged that during Zeigfinger's lifetime the deceased was indebted to Field for work, labor and services performed, including funds advanced by Field for said decedent at the decedent's request at various times during approximately ten years next preceding Zeigfinger's death. It was alleged by Field, and the evidence shows, that said mutual dealings consisted of the operation and management by Field of certain rental properties at decedent's request, including the advancement and expenditure of funds for plaintiff's benefit and personal use.

On April 2, 1962, Zeigfinger accepted in writing a statement of his account with Field in the sum of $18,483.34. Field did not seek judgment over and against Zeigfinger, but pleaded the above matters in defense of and in extinguishment of plaintiff's alleged claim. The answer of Field was filed on September 25, 1967.

Allen Field died on October 10, 1969, and his estate is now subject to probate in Probate Court No. 2 in and for Harris County, Texas. On June 17, 1970, Zeigfinger's administrator with will annexed filed his first amended original petition. In said petition he alleges in part as follows:

> "NOW COMES, the Estate of Jack Zeigfinger, by and through its duly appointed Administrator with Will Annexed, of Harris County, Texas, hereinafter called Plaintiff, *complaining of Allen Field, Individually, and Allen Field d/b/a Allen Field Enterprises, and Lorraine D. Field, Independent Executrix of the Estate of Allen Field, Deceased,* hereinafter called Defendants * * * and for cause of action herein would respectfully show the Court as follows:" (Emphasis added).

The death of Allen Field was alleged below in such amended pleadings. On July 7, 1970, pursuant to plaintiff's amended pleadings, Mrs. Lorraine D. Field filed her answer as independent executrix of the estate of Allen Field, deceased, as "one of the defendants in the above styled and numbered cause, * * *" Mrs. Field filed only a general denial and did not include in her answer the defense of setoff.

On December 9, 1969, a suggestion of death was filed in this cause alleging that Allen Field had died since the setting of this case for trial, and that Field had left a surviving widow, Lorraine Field, who had been named independent executrix of his estate without bond.

On January 20, 1971, Howard W. Horne, administrator with will annexed of the estate of Allen Field, deceased, filed his mo-

tion for substitution of parties and attorneys wherein he alleged that Lorraine D. Field had been relieved of all powers and duties in connection with the administration of the said estate; that he was the present qualified and acting administrator with will annexed of the Field Estate and that he, Horne, was entitled to be substituted in this cause as party defendant. On the same date, the trial court granted Horne's motion, and he was substituted as party defendant in this cause. Horne filed no further answer but defended the suit on the pleadings as filed.

After a trial on the merits before the court without a jury, judgment was rendered in favor of Howard W. Horne, administrator with will annexed of the estate of Allen Field, deceased, and a take nothing judgment was entered against the plaintiff. Plaintiff, Jerry K. Atkins, administrator with will annexed of the estate of Jack Zeigfinger, deceased, has duly perfected his appeal from the judgment below and will be designated appellant here.

Appellant contends that the trial court erred in admitting evidence of a set-off, because there was no pleading to support such evidence and such plea was therefore waived by appellee; that appellee's claim of set-off was barred by the statute of limitations; and that the Dead Man's Statute, Art. 3716, Vernon's Ann.Tex.Civ.St., barred the testimony dealing with the records pertaining to the plea of set-off between Zeigfinger and Field, both deceased.

Regarding the first contention of appellant, it is at least plain that the situation presented here is unusual, and that it presents an extremely narrow question for decision because of the peculiarity of the pleadings in this case. It will be noted that plaintiff's first amended original petition, on which plaintiff went to trial, in effect named as defendants three parties, viz.: Allen Field, individually, Allen Field d/b/a Allen Field Enterprises, *and* Lorraine D. Field, independent executrix. In spite of Allen Field's death in 1969, between the filing of plaintiff's original petition and the filing of his first amended original petition on June 17, 1970, Field continued to be named as a party defendant individually. Suggestion of death was filed on December 9, 1969. And while Mrs. Field as "one of the parties" defendant filed a general denial as independent executrix without any indication that her pleadings were to substitute for the pleadings already filed by Allen Field, Mrs. Field was eventually dismissed from the suit, and Howard W. Horne was named as *the* party defendant in this suit as administrator with will annexed of the estate of Allen Field, deceased. Horne merely assumed the position of sole defendant in this case and went to trial either on Allen Field's answer, which included the plea of set-off, on Mrs. Field's answer, which was merely a general denial, or both. Horne never expressly adopted either answer. The record shows that no formal scire facias ever issued or was ever served on Horne, but the trial court's judgment shows that Horne, as administrator, appeared in person under the court's order of November 20, 1970, and Horne's request for substitution of parties. See Rules 152, 153, Texas Rules of Civil Procedure.

■ There is little authority in Texas dealing with this subject, but we believe that an interpretation most favorable to the deceased defendant, Field, should be adopted, and that Horne, as administrator, went to trial on the pleadings filed by Field before his death, which included the specific plea of set-off. By going to trial on such pleadings, it must fairly be assumed that Horne adopted the pleadings as if he had done so expressly. See Houston & T. C. R. Co. v. Buchanan, 48 Tex.Civ.App. 129, 107 S.W. 595, 597 (Galveston 1907, writ ref'd). And see Estate of Pewthers v. Holland Page Industries, Inc., 443 S.W.2d 392, 395 (Tex.Civ.App.-Austin 1969, writ ref'd n. r. e).

■ It seems to be a general rule that a plea most favorable to a deceased party ordinarily should be adopted. Decisions indicate that where there is more than one executor and the various pleas of the executors conflict, or differing views are taken by co-executors of a decedent's estate, the one most favorable to the deceased defendant must be received, as where one confesses the cause of action and the other denies it. See Murray v. Hurst, 163 Md. 481, 163 A. 183, 85 A.L.R. 442, 448 (1932), with A.L.R. Annotation at p. 449–451.

■ Since we have held that the plea of set-off was properly and correctly made and that evidence in connection therewith was rightly received, in addition to the facts quoted above, Wayne Edmundson, a bookkeeper and an employee of Allen Field and Field Enterprises, qualified certain records of Field under Art. 3737e, V.A.T. S., which were received in evidence. The records pertained to the account of Jack Zeigfinger in connection with collections, expenditures, and charges made by Field Enterprises for the Park Plaza Apartments from 1956 through 1967. Park Plaza Apartments were owned by Jack Zeigfinger, who was the step-father of Allen Field, and they were managed by Field or Field Enterprises for several years. Edmundson testified directly that he was fully familiar with such accounts, that if payment had been made on the account there would be a record of same in the books of Allen Field Enterprises, that he had searched the records fully, and that there was no record of any payment ever being made by Jack Zeigfinger to Allen Field. He further testified that he was personally familiar with the transactions recorded, and there was no debt of any nature owed by Allen Field to Zeigfinger. The total debt owed by Zeigfinger to Allen Field or Allen Field Enterprises was shown to be $15,932.79. We hold that the trial court based its take-nothing judgment upon legally sufficient evidence by reason of the proven set-off without regard for other matters shown by this record which we need not decide.

■ Appellant further contends that appellee's claim of set-off was barred by the statute of limitations, and that consequently it was error to permit the introduction of evidence of set-off in avoidance of appellant's cause of action. We overrule such contention. Appellant failed to plead the statute of limitations in any form. In order successfully to maintain that a counterclaim or set-off is barred by the statute of limitations and that evidence should not be received to prove such counterclaim or set-off, the affirmative defense of a statute of limitations must be pleaded. The only mention of the statute of limitations which we can find in the record is contained in appellant's amended motion for new trial. No trial amendment was sought, and the fact that appellant may have objected orally to certain testimony as "too remote; hence barred by the statute of limitations" was of itself insufficient. Under these circumstances the statute of limitations must be set forth in writing affirmatively. See 2 McDonald, Texas Civil Practice (1970 Rev. Vol.), Sec. 7.40, p. 268; 37 Tex.Jur.2d, Sec. 193, p. 379 et seq.; Watts v. Gibson, 33 S.W.2d 777, 782 (Tex.Civ.App.-Fort Worth 1930, no writ); Bee-Hive Lodge No. 105 v. Durham, 253 S.W.2d 909, 911 (Tex.Civ.App.-Fort Worth 1952, no writ). And see 52 Tex.Jur.2d, Sec. 25, p. 219 et seq.; Rule 94, T.R.C.P.

■ Appellant finally contends that there was reversible error in failing to sustain his objection that the Dead Man's Statute, Art. 3716, V.A.T.S., barred the testimony and introduction of records of transactions between Zeigfinger and Field, both persons being deceased. It will be noted that the testimony on such matters came from an employee or agent of Field, one Wayne Edmundson. Some of the testimony, however, came from Mrs. Lorraine Field. However no proper objections to said testimony under the Dead Man's Statute or otherwise is shown by the record.

**234**

The testimony of Edmundson alone being sufficient, the contention is overruled. The established rule seems to be that the statute, Art. 3716, does not extend to agents or employees of a party to the suit, which party personally may be barred from giving evidence by reason of the Dead Man's Statute. See Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291, 295 (1944); 1 Texas Law of Evidence, McCormick and Ray (2d Ed.), Sec. 328, pp. 289–290; 19 Tex.Jur.2d, Sec. 1003, pp. 62–63.

We have considered the entire record in this case, and we are of the opinion that the judgment of the trial court should be in all things affirmed.