The ESTATE of Harrell GRIPON, Jr.,
et al, Appellants,

v.

Sam BOSTICK, Appellee.

No. 17795.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 20, 1980.

Weycer & Kaplan, Richard M. Kaplan, Houston, for appellant.

Robert C. Finlay, III, Houston, for appellee.

Before WARREN, PEDEN and EVANS, JJ.

WARREN, Justice.

This is an appeal from a default judgment awarding appellee damages against the Estate of Harrell Gripon, Jr. and his heir. Appellee claimed the damages as a result of unauthorized transactions arising out of a law partnership which allegedly existed between appellee and Harrell Gripon, Jr., during his lifetime.

The only questions for our determination are: (1) whether it was proper for the trial court to grant a default judgment on the partnership accounting when answers had been filed previously by Harrell Gripon, Jr., during his lifetime, and by a former administratrix, and (2) whether this court may set aside a default judgment when appellant has not alleged a meritorious defense in the trial court or on appeal.

As our answer to the first question is "No," and to the second question "Yes," the case will be reversed and remanded.

In 1976, appellee filed suit against Harrell Gripon, Jr., alleging that these two parties had formed an oral law partnership and that Gripon had breached the term of the partnership by failing to account to appellee for certain fees to which appellee was entitled. Gripon timely filed an answer containing only an unsworn general denial. Later in 1976, interrogatories were served on Gripon to which he filed a response in which he answered most of the inquiries, and claimed he was unable to answer the remaining questions. The record reveals that no other activity occurred in the prosecution or defense of the case.

Gripon died on November 4, 1979. On February 1, 1980, appellee amended his petition, suggested the death of Gripon and requested that the clerk issue a writ of *scire facias* to Margarita Gripon, the alleged common law wife of the deceased, to Mrs. Lois Brown Gripon, the mother of the deceased and to Dr. Edward Gripon, the brother of the deceased. These respective citations were served on February 12, 1980, while these parties were present in Probate Court No. 2 of Harris County for a hearing to determine whether Dr. Edward Gripon should replace Margarita Gripon as administrator of the Estate of Harrell Gripon, Jr. Margarita Gripon had previously qualified as administratrix and had filed an answer to appellee's suit for accounting. On February 12, the court granted the request of Dr. Gripon to remove Margarita Gripon and to name him as administrator in her stead. No answers were filed to the *scire facias* citation.

On March 17, 1980, appellee appeared in court, discontinued his suit as against Margarita Gripon and presented evidence on the merits of the suit. After hearing the evidence and considering the pleadings, the court granted appellee a default judgment against Dr. Edward Gripon, administrator of the Estate of Harrell Gripon, Jr., and Lois Gripon, as heir to the estate.

■ The judgment cannot stand, because a post-answer default judgment was taken without notice to the opposing parties. *The Estate of Pewthers v. Holland Page Indus-* *tries, Inc.*, 443 S.W.2d 392 (Tex.Civ.App.— Austin 1969, writ ref'd n. r. e). In that case two defendants were sued for debt, both answered and then one died. *Scire facias* was served on the Independent Executor of the deceased defendant, who did not file an answer. The living defendant was nonsuited and, without notice to deceased representative, the court granted default judgment against the Executor and the decedent's estate. In reversing the judgment by default, the Austin Court of Civil Appeals held that Rule 152, Tex.R.Civ.Proc., requiring that the executor, administrator or heir appear and defend the suit after being served with *scire facias* does not require the filing of a written answer where one has previously been filed by the decedent, because the answer of the decedent inures to the benefit of his legal representative. In our case the rule would apply to the administrator as well as decedent's mother who was served as an heir of the decedent.

■ Appellee contends that since a partnership was not denied as required by Rule 93(f), Tex.R.Civ.Proc., a granting of the default judgment was proper. It is true that the state of the pleadings on file at the time the default judgment was taken would not have allowed the parties adverse to appellee to deny the partnership. But this is only one part of the lawsuit. The failure to deny the partnership would not preclude one from denying that there were sums owed to the other partner.

The appellee further contends that the judgment should be affirmed because no meritorious defense was alleged.

■ On writ of error, in the review of fundamental errors or legal errors in the judgment or in the trial leading to the judgment, the appellant is not required to show a meritorious defense or a cause of action. *Spears v. Brown*, 567 S.W.2d 544 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *Stafford Construction Co., Inc. v. Martin*, 531 S.W.2d 667 (Tex.Civ.App.—El Paso 1975, no writ).

A perfected petition for writ of error brings before the appellate court the entire case for review of errors properly assigned, and it is not necessary that plaintiff in error show that he has a meritorious defense. *Stafford Construction Co., Inc. v. Martin,* supra; *Benthall v. Goodwin,* 498 S.W.2d 510 (Tex.Civ.App.—El Paso 1973, no writ).

In our case the assigned error attacks the trial court's granting the default judgment when an answer was on file and appellants had received no notice of the trial.

Reversed and remanded.