The ESTATE OF Sheldon L. POLLACK, Deceased, Petitioner,

v.

Loraine McMURREY, Respondent.

No. D-1325.

Supreme Court of Texas.

June 30, 1993.

Robert G. Bailey, Houston, for petitioner.

Van E. McFarland, Houston, for respondent.

## OPINION

GAMMAGE, Justice.

This is an appeal from a default judgment rendered against the Estate of Sheldon Pollack through its executors. The executors of the estate, collectively, the Estate, moved to have the default judgment set aside. This motion was cast as a motion for new trial. The trial court denied the motion. The court of appeals affirmed the judgment, approving the trial court's denial of the Estate's motion for new trial. 1991 WL 19846. The issue presented here is whether the trial court abused its discretion in refusing to set aside the default judgment against the Estate. We hold that the trial court abused its discretion in refusing to set aside the default judgment without a proper resolution of a factual dispute regarding the Estate's failure to answer. Because of that error, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion and with instructions to conduct an evidentiary hearing to determine controverted material facts.[1]

Loraine McMurrey sued Sheldon Pollack for fraud in connection with a real estate transaction. Pollack died after answering the suit. The executors of Sheldon Pol-

---

**1.** The Estate did not assert the argument that "the court of appeals failed to recognize the fundamental error the trial court committed in failing to overturn its default judgment when an answer had already been filed by Mr. Pollack" until its amended application for writ of error to this court. Since we decide the case on other grounds, we need not address that argument.

lack's estate, John Pollack and Eileen Erickson, reside in California. McMurrey's counsel telephoned Sherman Lans, a partner in the California law firm handling the probate of Sheldon Pollack's estate, and informed him that the Estate was being made a party to the suit.

■ Upon suggestion of death, the trial court issued a writ of scire facias pursuant to Tex.R.Civ.P. 152 requiring Pollack's executors to appear and defend the suit.[2] The writ was served on the Texas Secretary of State and subsequently forwarded to the executors at their respective home addresses by certified mail, return receipt requested, in accordance with the Texas long-arm statute, Tex.Civ.Prac. & Rem.Code §§ 17.044, 17.045 (Vernon 1986 & Supp. 1992). The records of the Texas Secretary of State show that executor John Pollack's citation was returned marked "unclaimed" and that an unidentified person at executrix Eileen Erickson's home (not Erickson) signed for her citation. There is no evidence in the record that either Pollack or Erickson personally received citation or had actual knowledge of the litigation. Neither executor nor Mr. Lans, the Estate's attorney, filed an independent answer and the trial court subsequently rendered a default judgment against the estate. In a timely motion for new trial, the Estate moved to have the default judgment set aside.

## MOTION FOR NEW TRIAL

■ The requirements for setting aside a default judgment by motion for new trial are set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). The movant must (1) establish that the failure to answer was not intentional or the result of conscious indifference, (2) set up a meritorious defense, and (3) demonstrate that setting aside the default will not cause a delay or otherwise injure plaintiff. *Id.* at 393, 133 S.W.2d at 126. "[W]hile trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle." *Id.*

As movant, the Estate submitted the affidavits of both executors, in identical format, stating that, to the best of each one's personal knowledge, each had received no correspondence concerning the litigation and that each was "totally unaware" of the litigation until after entry of the default judgment. Upon receipt of the affidavits,

---

2. *Scire facias* not only abrogates the common-law rule that death abates suit, but also provides for substitution of any person or persons succeeding to the rights of the original party, whether executor, administrator, heir, or person holding the same practical relation. *Hermann v. Higgins Oil & Fuel Co.*, 260 S.W. 1094, 1099 (Tex.Civ.App.—Galveston 1924, writ ref'd). "When revived [the action] must be regarded as pending from the date of its original institution." *McCampbell v. Henderson*, 50 Tex. 601, 612 (1879). Logically, the revived action is merely a continuation of the original action, and the substituted party stands in the same shoes as the original party, whatever that may have been. Based on these principles, numerous cases have acknowledged that the decedent's answer in an original action inures to the benefit of his legal representative in the revived action. *See, e.g., Coven v. Dailey*, 652 S.W.2d 527 (Tex.App.—Austin 1983, writ ref'd n.r.e.) (effect of defendant's death was to substitute her legal representative in her place to defend plaintiff's suit); *Brown v. Prairie View A & M Univ.*, 630 S.W.2d 405 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (in dismissing a suit for want of prosecution, failure to procure scire facias is to be considered along with other circumstances pertaining to the exercise of reasonable diligence); *Estate of Gripon v. Bostick*, 610 S.W.2d 541 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ) (default judgment against estate improper since the answer filed before decedent's death inured to the benefit of his legal representative); *Clark v. Turner*, 505 S.W.2d 941 (Tex.Civ.App.—Amarillo 1974, no writ) (scire facias requiring the executor to appear and defend is not a new action, but a process in the nature of an ordinary citation to an action previously instituted; upon substitution of the executor as defendant, action proceeds, not as a new suit, but as an action pending from the date of its original institution); *Atkins v. Horne*, 470 S.W.2d 229 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ) (administrator adopted the pleadings of the decedent as if he had done so expressly); *Estate of Pewthers v. Holland Page Indus., Inc.*, 443 S.W.2d 392 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.) (decedent's answer inured to benefit of his legal representative); *Hermann v. Higgins Oil & Fuel Co.*, 260 S.W. at 1099 (custodians of estate authorized to be made plaintiffs in the suit and prosecute the cause of action for the benefit of the decedent).

McMurrey noticed the executors for deposition to determine the meaning of certain language in the affidavits, and to attempt explanation of what happened to Pollack's and Erickson's writ of scire facias.

The Estate responded with a motion for protective order claiming inconvenience, unavailability of deponents, and uselessness of their depositions with regard to *Craddock's* "meritorious defense" requirement. Although no order was ever signed granting or denying the executors' motion for protective order, they both refused to appear for the depositions. McMurrey then filed objections to the affidavits pursuant to TEX.R.CIV.P. 215(2)(b)(4), requesting that the trial court not consider them since (1) they were conclusory, and (2) the executors had refused to be deposed.

Without hearing evidence, the trial court simply denied the Estate's motion for new trial, reciting that the "objections to the affidavits of the estate's representatives are meritorious and are granted, however, the motion fails on its own, it is therefore ORDERED that Motion for New Trial is denied."

The court of appeals affirmed the judgment, approving the trial court's denial of the Estate's motion for new trial. The court of appeals concluded that the Estate had failed to satisfy the first element of the *Craddock* test; it did not address the second or third elements.

## INTENTIONAL OR CONSCIOUSLY INDIFFERENT FAILURE TO ANSWER

In order to determine whether the trial court abused its discretion in refusing to set aside the default judgment against the Estate, we must first consider whether the Estate's failure to answer was intentional or the result of conscious indifference. Generally, when a party relies on an agent or representative to file an answer, the party must establish that the failure to answer was not intentional or the result of conscious indifference of either the party or the agent. *See Carey Crutcher, Inc. v. Mid–Coast Diesel Servs., Inc.,* 725 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1987, no writ); *Wells v. Southern States Lumber & Supply Co.,* 720 S.W.2d 227, 229 (Tex.App.—Houston [14th Dist.] 1986, no writ).

Under the circumstances here, the inaction of the California probate attorney, Sherman Lans, meets the first *Craddock* test element, because an attorney is under no duty to answer a lawsuit until the client is actually served and requests the attorney to file an answer. There is no evidence in the record that anyone in Lans' firm was aware the executors had been served or was requested to file an answer before entry of the default. The failure of the Estate's attorneys to answer, under the facts, could not have been intentional or the result of conscious indifference.

The Texas Secretary of State is also deemed to be an agent of the Estate—but only for service of process. TEX.CIV.PRAC. & REM.CODE § 17.044(c). The Secretary of State was obviously not legally authorized or required to answer the lawsuit, and the executors were not relying on him to do so. The Estate was not required to negate intent or conscious indifference on the part of the Secretary of State.

Finally, without actual knowledge of the pending litigation, the executors' failure to answer before entry of the default judgment could not have been intentional or the result of conscious indifference. *See Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987).

Whether the executors' failure to answer was intentional or the result of conscious indifference is a fact question. *See Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex. 1984); *Dallas Heating Co. v. Pardee,* 561 S.W.2d 16, 20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). Had the executors' affidavits *not* been challenged, the executors' motion and affidavits asserted facts which, if true, would negate intentional or consciously indifferent conduct. *Strackbein,* 671 S.W.2d at 38–39. But, McMurrey clearly did challenge the executors' affidavits by filing objections pursuant to TEX. R.CIV.P. 215(2)(b)(4) and noticing the executors' depositions.

■ Under such circumstances, contested issues are ordinarily decided after a hearing at which witnesses present sworn testimony in person or by deposition rather than by affidavit. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266 (Tex.1992). McMurrey should have been allowed an opportunity to develop and present evidence of her own at such an evidentiary hearing.[3] The trial court generally may not resolve disputed fact issues regarding intent or conscious indifference on affidavits alone. *See Healy v. Wick Bldg. Sys., Inc.,* 560 S.W.2d 713, 721 (Tex.App.—Dallas 1977, writ ref'd n.r.e.).

■ Moreover, as the party seeking protection from discovery, the Estate bears the burden of proof. *Weisel Enters., Inc. v. Curry,* 718 S.W.2d 56 (Tex.1986). The Estate is required to plead its basis for seeking protective relief and to show particular, specific and demonstrable injury by facts sufficient to justify protection. *Masinga v. Whittington,* 792 S.W.2d 940 (Tex. 1990). Here, that burden was not met. *See Giffin v. Smith,* 688 S.W.2d 112, 114 (Tex.1985). The record contains no evidence to support a finding that the Estate should be protected from discovery. The executors refused to be deposed. While the trial judge may exercise some discretion in granting protective orders, this discretion is not unlimited. *Masinga,* 792 S.W.2d at 940. The trial court's failure to rule on the Estate's motion for protective order denied McMurrey the opportunity to develop and present evidence. Denial of discovery without an exercise of informed discretion constitutes a clear abuse of discretion. *Weisel Enters.,* 718 S.W.2d at 58.

■ The trial court should have taken steps to assure McMurrey's right to discovery on the issue of whether the Estate satisfied the first element of *Craddock.* The trial court may not short circuit the adversary process simply because the executors failed to submit to deposition. *TransAmerican Nat'l Gas Co. v. Powell,* 811 S.W.2d 913, 918 & n. 8 (Tex.1991). Because the Estate's motion for new trial presented questions of material fact upon which evidence must be developed and heard, the cause must be remanded to the trial court for further proceedings. *Hensley v. Salinas,* 583 S.W.2d 617, 618 (Tex. 1979). Should the Estate continue to refuse to comply with proper discovery requests, the trial court may, *after notice and hearing,* make such orders as are just, and in accordance with TEX.R.CIV.P. 215.

## MERITORIOUS DEFENSE

■ The second *Craddock* test element requires the Estate to "set up" a meritorious defense.[4] This means "[t]he motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966). The trial court may not try the defensive issues in deciding whether to set aside the default judgment and should not consider counter affidavits or conflicting testimony offered to refute the movant's factual allegations. *Id.*

■ On motion for new trial, the Estate filed the affidavits of Gerald A. Malat and James R. Leahy, attorneys that represented Sheldon Pollack before he died. The affidavits stated that the dispute between Pollack and McMurrey had earlier been compromised and settled. According to

---

3. This is in contrast to the "meritorious defense" requirement, where the trial court must determine only whether the movant has set forth facts constituting a meritorious defense, and should not consider controverting evidence offered by the non-movant. *See Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966).

4. The issue of whether *Peralta v. Heights Medical Ctr., Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), affects the requirement of showing of meritorious defense in this situation has not been briefed and argued, and we do not address it in this case. *See General Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 944 (Tex.1991); *Ortega v. RepublicBank,* 792 S.W.2d 452, 453 n. 1 (Tex.1990); *LBL Oil Co. v. International Power Serv., Inc.,* 777 S.W.2d 390 (Tex. 1989) (per curiam); *Beck v. Beck,* 771 S.W.2d 141 (Tex.1989); *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988) (per curiam).

Malat and Leahy, McMurrey promised in 1985 not to sue Sheldon Pollack in connection with the real estate transaction underlying this suit, in return for which Pollack renounced all benefits from the transaction and executed a quit-claim deed conveying all his interest in the subject property to McMurrey. The affidavits of Malat and Leahy are sufficient to "set up" a meritorious defense.

McMurrey contends that because the alleged compromise agreement was not reduced to writing, it is not enforceable and therefore does not constitute a meritorious defense. McMurrey relies on TEX.R.CIV.P. 11, which provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Rule 11, however, applies only to agreements concerning a pending suit; it does not apply to a pre-existing agreement asserted as a defense to a suit.[5] *See Recio v. Recio*, 666 S.W.2d 645, 648 (Tex.App.—Corpus Christi 1984, no writ). We conclude the Estate has satisfied the second element of the *Craddock* test.

### DELAY OR PREJUDICE

Finally, the Estate was required to demonstrate that setting aside the default judgment would not cause a delay or otherwise injure McMurrey. The Estate's motion for new trial represented that granting the motion would not cause delay or prejudice McMurrey. This representation shifted the burden to McMurrey to prove injury. *See Cliff v. Huggins*, 724 S.W.2d at 779. McMurrey alleged generally that vacating the default would prejudice her ability to collect a judgment against Pollack's estate, but offered no proof in support of this allegation. McMurrey filed a claim against Pollack's estate for her alleged damages on June 9, 1989, over two months before entry of the default judgment. She has not demonstrated that vacating the default judgment and requiring her to proceed to trial would prejudice the status of this claim under California law should a judgment ultimately be rendered in her favor. We conclude the Estate has satisfied the third element of the *Craddock* test.

### CONCLUSION

For the reasons stated above, we conclude that the trial court erred in failing to set aside the default judgment. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

Concurring opinion by GONZALEZ, J.

Concurring opinion by ENOCH, J., joined by CORNYN, J.

Dissenting opinion by DOGGETT, J.

GONZALEZ, Justice, concurring.

I agree with the judgment and opinion of the court, but would more fully address the argument the Petitioners raised for the first time in their amended application for writ of error. Petitioners complain that the trial court erred in granting default judgment against the representative of the estate because the decedent of the estate had previously filed an answer. I agree that the trial court committed error by granting the judgment, but it is not funda-

---

5. The record indeed contains writings referencing the purported compromise agreement. McMurrey previously sued Sheldon Pollack's partner, Ronan Gomberg, asserting claims arising out of the same real estate transaction underlying the present suit. On March 27, 1985, McMurrey's counsel, Van E. McFarland, wrote a letter to Sheldon Pollack stating that Pollack had not been joined in the earlier suit because Pollack had renounced any interest in the subject property, and further requesting that Pollack execute a quit-claim deed, which Pollack did. When Pollack was subsequently joined in the earlier suit, his counsel, Beverly D. Mason, protested in a letter of December 5, 1985, that the joinder was in violation of the compromise and settlement agreement, and demanded that Pollack be dismissed from the suit. McMurrey acceded to this demand and dismissed Pollack from the earlier suit. The December 5 letter, along with an authenticating affidavit, was submitted to the trial court as an exhibit to the Estate's motion for new trial. The March 27 letter is an exhibit to Sheldon Pollack's deposition, portions of which were also submitted as an exhibit to the motion for new trial.

mental error which may be raised for the first time on appeal as the petitioners have attempted to do.

Sheldon L. Pollack filed both original and amended answers in the trial court before his death. Following his death, the plaintiff caused writs of *scire facias* to issue to the personal representatives of his estate. Neither representative filed an answer. The trial court rendered a default judgment against the estate based on the representatives' failure to answer, and overruled their motion for new trial.

Rule 150 of the Texas Rules of Civil Procedure provides that the death of a party to a law suit does not abate those causes of action which survive, but such suit may proceed to judgment pursuant to the rules. Rule 152 requires that the estate's legal representatives appear and defend the suit after being served with *scire facias*.[1] The purpose of *scire facias* is not to start the litigation over from the beginning, but to substitute the legal representatives in the decedent's place. *Coven v. Dailey*, 652 S.W.2d 527, 529 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Estate of Gripon v. Bostick*, 610 S.W.2d 541, 542 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Clark v. Turner*, 505 S.W.2d 941, 945 (Tex.Civ.App.—Amarillo [7th Dist.] 1974, no writ). If the deceased's legal representatives fail to file new pleadings, they are deemed to have adopted the pleadings filed by and on behalf of the deceased. *Estate of Pewthers v. Holland Page Indus., Inc.*, 443 S.W.2d 392, 393 (Tex.Civ.App.—Austin 1969, writ ref. n.r.e.); *Atkins v. Horne*, 470 S.W.2d 229, 232 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). Thus, the answer of the original defendant inures to the benefit of his legal representatives (the personal representatives of the estate) and prevents rendition of a valid default judgment for failure to file an answer. *See Estate of Gripon*, 610 S.W.2d at 542; *Clark v. Turner*, 505 S.W.2d at 945; *Estate of Pewthers*, 443 S.W.2d at 395.

The trial court erred in granting the default judgment. The original defendant's answer was on file, and his legal representatives were entitled to rely on that answer without filing separate answers of their own. Since there was an answer on file, the trial court should not have rendered a default judgment against the estate. The representatives of the estate did not bring this matter to the attention of the trial court, however. The representatives' argument, made for the first time in their amended application for writ of error, does not provide a basis for reversal on appeal unless it is fundamental error. TEX. R.APP.P. 52(a).

In *Estate of Gripon*, 610 S.W.2d at 542–43, the court of appeals concluded that the trial court committed fundamental error in rendering default judgment against the representative of the estate when an answer was on file. That court relied on the conclusion of the court in *Estate of Pewthers*, to determine that such a judgment would be void. 443 S.W.2d at 395. The *Pewthers* court relied in turn on *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428, 433, in which this Court held that, because of a conflict with the rules of procedure, the rendition of a default judgment when an answer was on file was fundamental error.[2]

*Freeman* was expressly overruled on this very point in *Mapco, Inc. v. Forrest*, 795 S.W.2d 700 (Tex.1990). Following *Freeman*, this Court has taken a more restrictive view of fundamental error:

Fundamental or unassigned error is a discredited doctrine. Fundamental error survives today only in those rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and ad-

---

1. The rule provides:
    Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir.
    TEX.R.CIV.P. 152.

2. The court relied on a conflict with Texas Rule of Procedure 330(b) (repealed 1976).

versely affected as that interest is declared in the statutes and constitution of this state.

*Cox v. Johnson,* 638 S.W.2d 867, 868 (Tex. 1982) (citations omitted).

Lack of jurisdiction is far and away the most common example of fundamental error. *See, e.g., Mapco, Inc. v. Carter,* 817 S.W.2d 686, 687 (Tex.1991) (judgment against entity never made a party); *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex.1990) (appellate court's assumption of jurisdiction over interlocutory order); *Grounds v. Tolar I.S.D.,* 707 S.W.2d 889, 893 (Tex.1986) (exclusive jurisdiction vested in another court). Defects in procedure will rarely constitute fundamental error, however, and therefore, will not constitute grounds for reversal when they are raised for the first time on appeal. *See, e.g., Central Educ. Agency v. Burke,* 711 S.W.2d 7, 9 (Tex.1986) (applicability of provision of APTRA to appeal of agency decision not fundamental error); *Allison v. Nat'l Union Fire Ins. Co.,* 703 S.W.2d 637, 638 (Tex.1986) (failure to join parties not fundamental error); *Young v. Hodde,* 682 S.W.2d 236, 237 (Tex.1984) (summary judgment granting relief not requested in motion).

The trial court had jurisdiction in this case. Because there was an answer on file, the trial court rendered what is in effect a post-answer default judgment. In their motion for new trial, the representatives of the estate should have complained that the rendition of judgment without notice denied them due process. *See Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988) (post-answer default judgment without notice of hearing constitutes denial of due process). Nevertheless, even constitutional rights must be asserted on a timely basis. *Curtis Pub. Co. v. Butts,* 388 U.S. 130, 143, 87 S.Ct. 1975, 1985, 18 L.Ed.2d 1094 (1967). By not raising the complaint about the trial court's actions until their amended application for writ of error, the petitioners have not provided a basis for reversing the trial court's judgment.

ENOCH, Justice, concurring.

I concur in the judgment of the Court. I agree with the Court that the executors have met the second and third prongs of the *Craddock* test by setting up a meritorious defense and demonstrating that setting aside the default judgment would not delay or prejudice McMurrey. I also agree that once McMurrey offered an affidavit controverting the executors' affidavits asserting that their failure to answer was not intentional nor the result of conscious indifference, an evidentiary hearing must be held to resolve the fact issues.

However, I write separately because I disagree with the Court's statements regarding the intent or conscious indifference of the executors or the estate's attorneys. The Court states that *under the facts,* the failure of the estate's attorneys to answer could not have been intentional or the result of conscious indifference. 858 S.W.2d at 391. The attorneys were aware that a lawsuit was to be filed. The executors' failure to notify the attorneys that they had been served is precisely the type of fact question to be resolved at the evidentiary hearing.

I also disagree with the Court's statement that lack of *actual* notice of the pending litigation would conclusively establish the executors' lack of intent or conscious indifference. 858 S.W.2d at 391. Actual notice of the suit is not a requirement of McMurrey's controverting proof. Intent or conscious indifference can be failure to pick up mail when notified or failure to simply pay attention to mail that is delivered to one's home. Service of process has been shown in this case. Therefore, the fact question to be resolved is whether, in the face of an affidavit asserting lack of actual notice, the executors' lack of actual notice and resulting failure to answer was due to their intentional act or their conscious indifference.

For the above reasons, I concur in the judgment of the Court.

CORNYN, J., joins in this concurring opinion.

DOGGETT, Justice, dissenting.

The court today amends the Texas long-arm statute, permitting service of process through the Secretary of State on an out-of-state defendant. Tex.Civ.Prac. & Rem. Code §§ 17.044–.045. When, as here, there has been full compliance with statutory service requirements, an unsubstantiated claim of lack of service should not overturn a default judgment. I dissent.

The critical facts of this case are uncontradicted. After Sheldon Pollack, the defendant in a Texas suit brought by Loraine McMurrey, died, she served through the Secretary of State a writ of scire facias on the two executors of the estate. The writ served at the home of Eileen Erickson was signed for and receipt returned to the Secretary of State. Despite three notices to John Pollack at his home address, he failed to claim the registered service from the Secretary of State. The writ was returned marked "unclaimed." After neither answered or appeared, the trial court rendered a default judgment.

To set aside the default judgment, the Estate must, by affidavits accompanying its motion for new trial, "set forth facts which, if true, would negate [an] intentional or consciously indifferent" failure to answer. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984). Not just any affidavit and motion will suffice; only if they meet this standard and are controverted is a hearing necessary. *Id.* General or conclusory allegations are not sufficient to negate intent or conscious indifference. *See, e.g., Nichols v. TMJ, Inc.*, 742 S.W.2d 828 (Tex. App.—Dallas 1987, no writ); *Folsom Investments, Inc. v. Troutz*, 632 S.W.2d 872, 875 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Motiograph, Inc. v. Matthews*, 555 S.W.2d 196, 197 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

Here the affidavits submitted by the Estate were those of Erickson and Pollack, who state, in conclusory fashion, that the failure to answer "was not intentional or the result of conscious indifference." Both also generally aver that the two executors were "never notified" and were "totally unaware" of the litigation. The addresses given for each correspond to those employed by the Secretary of State for service of process. No explanation is offered as to who in Erikson's household signed for receipt of service, why that recipient failed to provide it to her, nor why Pollack failed to respond to three notices of certified mail. The simple claim of no actual notice does not, in and of itself, negate conscious indifference.[1] These vague affidavits clearly fail to meet the requirements of *Strackbein.*

There is no question but that service was properly obtained under our Texas long-arm statute, Tex.Civ.Prac. & Rem.Code §§ 17.044–.045. *See, e.g., BLS Limousine Serv. v. Buslease, Inc.*, 680 S.W.2d 543 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). This court does not permit the fact of service to be contradicted solely on the word of the party shown in the record to have been properly served. *See Ward v. Nava*, 488 S.W.2d 736 (Tex.1972) ("the testimony of the moving party alone, without corroborating facts or circumstances, is not sufficient to overcome" receipt of service); *see also Martin v. Ventura*, 493 S.W.2d 336, 338 (Tex.Civ.App.—Tyler 1973, no writ). I agree with the court of appeals that, at a minimum, the affidavits must contain some explanation of the circumstances leading to Erikson's failure to receive the service, shown to have been delivered and received at her residence, that would negate conscious indifference. Because the estate has failed to meet its burden, I would affirm.

Overlooking the many defects in the Estate's affidavits, it seems to me the court goes to unnecessary trouble to reverse this judgment. The case is then strangely remanded to the trial court to provide the party prevailing there and in the court of appeals the opportunity for more complete

---

1. The court erroneously relies on *Cliff v. Huggins*, 724 S.W.2d 778 (Tex.1987), for the proposition that nothing more is required in the affidavit than a statement that the movant never received notice. *Huggins* involved notice of a trial setting, not service of process, and, unlike here, no receipt was shown in the record.

discovery and a hearing. Yet none of that is necessary either. As the court explains in footnote two, the Estate should have argued that it was not required to file a separate answer because, under Texas law, the decedent's answer enures to its benefit. Failing timely to make this argument, the Estate waived it in the trial court, in the court of appeals and in this court. Remand appears designed more to provide the Estate another opportunity to raise this new objection to the judgment, obviating the need for any hearing, rather than to allow McMurrey further discovery and a hearing.

The standard for reviewing default judgments set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), has been eroded dramatically in recent years. *See, e.g., Bank One v. Moody*, 830 S.W.2d 81 (Tex.1992) (Gonzalez, J., dissenting). Rather than requiring a valid excuse, the court now accepts almost any.