ACCEPTED
01-14-00891-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/14/2015 3:20:39 PM
CHRISTOPHER PRINE
CLERK

## NO. 01 – 14 – 00891 – CV

_____

**IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/14/2015 3:20:39 PM

CHRISTOPHER A. PRINE
Clerk

_____

R & G TRANSPORTATION, INC. A/K/A and D/B/A R & G TRANSPORTATION

Appellant,

v.

FLEETMATICS

Appellee.

_____

**On appeal from the Civil County Court at Law No. 3 for Harris County, Texas
The Honorable Linda Story, Judge Presiding**

_____

APPELLANT'S BRIEF

_____

Derek H. Deyon – Counsel For Appellant
The Deyon Law Group, P.L.L.C.
2211 Norfolk, Suite 600
Houston, Texas 77098
(713) 481 – 7420 (Phone)
(713) 714 – 8670 (Fax)
ddeyon@deyonlawgroup.com
State Bar No. 24075862

**NO ORAL ARGUMENT REQUESTED**

0

.

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a list of all the parties and attorneys to the trial court's order appealed from:

1.     Appellant:
       R & G Transportation, Inc. a/k/a and d/b/a R & G Transportation.

2.     Appellants' Trial Counsel:
       Derek H. Deyon, The Deyon Law Group, PLLC, 2211 Norfolk, Suite 600, Houston, Texas 77098.

3.     Appellant's Appellate Counsel:
       Derek H. Deyon, The Deyon Law Group, PLLC, 2211 Norfolk, Suite 600, Houston, TX 77098.

4.     Appellee:
       Fleetmatics.

5.     Appellee's Trial Counsel:
       John D. Totz, Totz Ellison & Totz, P.C., 2211 Norfolk, Suite 510, Houston, Texas 77098.

6.     Appellee's Appellant Counsel:
       John D. Totz, Totz Ellison & Totz, P.C., 2211 Norfolk, Suite 510, Houston, Texas 77098.

7.     Trial Court:
       The Honorable Judge Linda Story presiding over the Civil County Court at Law No. 3 for Harris County, Texas.

s/*Derek H. Deyon*

_____
DEREK H. DEYON
Attorney for Appellants

1

.

# **TABLE OF CONTENTS**

Identity of Parties and Counsel………………………………………………………… 1

Table of Contents………..………………………………….……………………… 2

Index of Authorities…………………………………………………………………. 3

Statement of the Case…………………………………………………………… 4

Statement Regarding Oral Argument……………………………………………. 4

Issue Presented……………………………………………..…………………… 4

Statement of Facts…………………………………………………………………. 5

Summary of the Argument…………………………………………………………. 5

Argument…………………………………………………………………………… 5 – 6

I.      The Trial Court Erred In Overruling Appellant's Motion for New Trial…………. 6

Prayer……………………………………………………………………………… 6

Attorney Signature…………………………………………………………………. 7

Certificate of Service………………………………………………………………. 7

Certificate of Word Count……………………………………………………………. 7

.

# INDEX OF AUTHORITIES

**CASES**

*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)……………... 5, 6

*Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925-27 (Tex. 2009)……………... 6

*Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993)……………….…... 6

*In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006)……………………………………………. 6

*Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)………………………………………. 6

.

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

COMES NOW, R & G Transportation, Inc. a/k/a and d/b/a R & G Transportation as Appellant, and submits this brief in support of its request to reverse the Civil County Court at Law No. 3 for Harris County, Texas' ("trial court") grant of Fleetmatics' ("Appellee") Final Judgment in Trial Cause No. 1042703.

## STATEMENT OF THE CASE

On April 11, 2014, Appellee filed its First Amended Petition against Appellant for breach of contract. Clerk's Record p. 4 (cited hereafter as "CR at p.). On April 29, 2014, Appellee served Appellant with citation through the Secretary of the State. CR at p. 17. The Secretary of State was unable to forward the process to Appellant. CR at p. 18. On July 17, 2014, Appellee secured a Final Default Judgment against Appellant for $16.468.00 in un – liquidated damages and $5,490.00 in reasonable and necessary attorney's fees. CR at pp. 20 – 22. On August 18, 2014, Appellant filed a Motion for New Trial. CR at p. 23. On November 3, 2014, the court overruled Appellant's Motion for New Trial by operation of law. On October 30, 2014, Appellant filed a Notice of Appeal. CR at p. 27.

## STATEMENT REGARDING ORAL ARGUMENT

No oral argument is requested because this court's decisional process can be accomplished on the briefs alone.

## ISSUE PRESENTED

I.      Whether the court err in overruling Appellant's Motion for New Trial.? Yes.

4

.

## STATEMENT OF FACTS

On April 11, 2014, Appellee filed its First Amended Petition against Appellant for breach of contract. Clerk's Record p. 4 (cited hereafter as "CR at p.). On April 29, 2014, Appellee served Appellant with citation through the Secretary of the State. CR at p. 17. On July 17, 2014, Appellee secured a Final Default Judgment against Appellant for $16.468.00 in un – liquidated damages and $5,490.00 in reasonable and necessary attorney's fees. CR at pp. 20 – 22. On August 18, 2014, Appellant filed a Motion for New Trial mainly on the ground that it never received notice of the suit. CR at p. 23. On November 3, 2014, the court overruled Appellant's Motion for New Trial by operation of law. On October 30, 2014, Appellant filed a Notice of Appeal. CR at p. 27.

## SUMMARY OF THE ARGUMENT

The trial court erred in overruling Appellant's Motion for New Trial because Appellant never received notice of suit and because the State of Massachusetts served as the proper jurisdiction for Appellee's breach of contract claim per the agreement.

## ARGUMENT

**I.      The Trial Court Erred In Overruling Appellant's Motion for New Trial**.

A court should set aside the default judgment and grant a new trial when a defendant does not file an answer because of a mistake or an accident and the defendant can meet the requirements of *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). *Craddock* requires the defendant to show: a) that the failure to file an answer was not intentional or the result of conscious indifference, but was a mistake or an accident, b) that defendant has a meritorious defense to plaintiff's cause of action,

5
.

and c) that granting a new trial will not cause delay or otherwise injure the plaintiff. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925-27 (Tex. 2009); *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993); *Craddock*, 133 S.W.2d at 126; *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

Here, Appellant failed to file an answer as a result of an accident or mistake because Appellant never received notice of the suit from The Secretary of State. CR at p. 18, 24 (stating that the process was returned to The Secretary of State on May 27, 2014). Appellant has a meritorious defense to Appellee's breach of contract claim because Massachusetts served as the proper jurisdiction for any breach of contract claims pursuant to the agreement. CR at p. 10. Appellant's Motion for New Trial would not have caused any delay or otherwise injured Appellee because Appellant was ready for trial. CR at p. 24. In addition, Appellee failed to file a Non – Military Affidavit before moving for final default judgment. *See* 50 U.S.C. app. section 521(b)(1). For these reasons, Appellant requests that this honorable court grant Appellant's appeal.

WHEREFORE, Appellant respectfully requests that this honorable court reverse the trial court's grant of Appellee's Final Judgment in Trial Cause No. 1042703.

.

RESPECTFULLY SUBMITTED,

/s/ *Derek H. Deyon*

_____
DEREK H. DEYON
The Deyon Law Group, P.L.L.C.
2211 Norfolk, Suite 600
Houston, Texas 77098
(713) 481 – 7320 Phone
(713) 714 – 8670 Fax
TBN 24075862
Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing document was served on:

John D. Totz
Totz Ellison & Totz, P.C.
2211 Norfolk, Suite 510
Houston, Texas 77098
*Via* fax to fax number 713 – 275 – 0304 and/or Pro Doc 2 E – Serve after 5:00 p.m. on July 12, 2015.

/s/ *Derek H. Deyon*

_____
DEREK H. DEYON

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing Appellant's Brief consists of 741 words.

/s/ *Derek H. Deyon*

_____
DEREK H. DEYON

7

.

.