# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00046-CV

---

**Mary Louise Serafine, Appellant**

**v.**

**Alexander Blunt and Ashley Blunt, Appellees**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-12-001270, THE HONORABLE LORA J. LIVINGSTON JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Mary Louise Serafine appeals the trial court's order awarding her attorneys' fees and sanctions assessed pursuant to the Texas Citizens Participation Act (TCPA) and related to a motion to dismiss certain claims filed against her by Alexander and Ashley Blunt. *See* Tex. Civ. Prac. & Rem. Code ch. 27.[1] We will affirm the trial court's judgment.

## BACKGROUND

The underlying proceeding arose from a property dispute between Serafine and the Blunts. Serafine's claims against the Blunts were based on her allegations that (1) the Blunts

---

[1] In 2019 and 2023, the Legislature amended the TCPA, but expressly stated that the amendments applied only to an action filed on or after the effective dates of those amendments, and that any action filed before that date is governed by the law in effect immediately before that date. *See, e.g.*, Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. This appeal is governed by the law prior to the 2019 amendments and, unless otherwise indicated, any quoted section of the statute is from the version in effect on August 31, 2019.

removed a chain-link fence that had marked the boundary line between their properties for more than three decades and then erected a wooden fence that encroached on her property, and (2) the Blunts trespassed on her land and damaged it by digging a trench on her land or immediately adjacent to it and by installing a drainage system that would destroy the lateral support of her land. Serafine asserted causes of action for trespass to try title, trespass, nuisance, negligence, and fraud by nondisclosure, and sought declaratory and injunctive relief, damages, and attorneys' fees. The Blunts answered and asserted as counterclaims that Serafine tortiously interfered with their contract with a drainage and foundation company and that she violated Chapter 12 of the Texas Civil Practice and Remedies Code by fraudulently filing a lis pendens in the Travis County Real Property Records.

Serafine moved to dismiss the Blunts' counterclaims under the TCPA. *See id.* § 27.003. The Blunts responded, including supporting affidavit evidence, but neither party sought any discovery. *See id.* § 27.006(b). After a hearing, the court denied Serafine's motion to dismiss. Serafine perfected an appeal to this Court, which held that the trial court erred by failing to dismiss the Blunts' counterclaims to the extent they were based on Serafine's filing her suit and filing the lis pendens. *See Serafine v. Blunt*, 466 S.W.3d 352, 356 (Tex. App.—Austin 2015, no pet.). This Court affirmed the trial court's order in part based on its conclusion that the Blunts' counterclaim for tortious interference with contract could proceed to the extent that it was based on allegations of Serafine's conduct outside of the filing of the lawsuit and lis pendens. *Id.* We remanded the case for further proceedings, including consideration by the trial court of an award of attorneys' fees and costs related to the motion to dismiss pursuant to TCPA section 27.009. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code § 27.009.

2

On remand, the trial court denied Serafine's motion for attorneys' fees and for sanctions pursuant to the TCPA. Serafine's affirmative claims were then tried to a jury, which unanimously decided against her on every claim. The trial court then determined the boundary line between Serafine's and the Blunts' properties and rendered final judgment denying Serafine relief on all her claims. Serafine appealed the final judgment to this Court. *See Serafine v. Blunt*, No. 03-16-00131-CV, 2017 WL 2224528, at *1 (Tex. App.—Austin May 19, 2017, pet. denied) (mem. op.). While the appeal was pending, the Texas Supreme Court held that "the TCPA requires an award of 'reasonable attorney's fee' to the successful movant." *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). The Blunts then conceded that the TCPA portion of the trial court's judgment must be reversed because of the supreme court's determination that an award of attorneys' fees is mandatory when the trial court dismisses a legal action pursuant to the TCPA. *Serafine*, 2017 WL 2224528, at *7. This Court then affirmed the trial court's judgment, except the portion denying Serafine's motion for attorney's fees and sanctions under the TCPA. *Id.* at *1. We held that the trial court erred in denying Serafine's motion for attorneys' fees under the TCPA, reversed that portion of the judgment, and remanded the cause to the trial court "for a determination of reasonable attorney's fees incurred by Serafine in defending against the portion of the Blunts' counterclaims we dismissed under the TCPA." *Id.* at *7. We held that, regarding Serafine's motion for sanctions under the TCPA, "the statutory language is mandatory on this issue as well." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 27.009(a)(2), which then provided that trial court "shall award to the moving party . . . sanctions against the party who brought the legal action as the court determines is sufficient to deter the party who brought the legal action from bringing similar actions"). We concluded that the trial court abused its discretion by "failing to award Serafine some amount of sanctions

deemed appropriate to achieve the deterrent effect the statute requires" and remanded the cause to the trial court for a determination of the amount of sanctions to be awarded Serafine under TCPA section 27.009. *Id.*

On remand, after Serafine took no action to pursue her claims for attorneys' fees and sanctions, the Blunts filed a motion to determine monetary relief. The court heard the motion in December 2019. After the hearing, the trial court rendered judgment awarding Serafine $25,000 in attorneys' fees and $5,000 in sanctions against the Blunts. At Serafine's request, the court filed findings of fact and conclusions of law. Serafine filed a motion to modify the judgment, seeking an increase in both the attorneys' fee award and the sanctions. The trial court denied the motion, Serafine perfected her appeal, and the Blunts perfected a cross-appeal. *See Serafine v. Blunt*, No. 03-20-00294-CV, 2021 WL 5456660, at *2 (Tex. App.—Austin Nov. 19, 2021, pet. denied) (mem. op.). In her appeal, Serafine asserted that the trial court abused its discretion in making the fee award by disregarding guiding principles on segregation of attorneys' fees and by using "improper and irrelevant factors" to reach a "low award" as well as complaining that the trial court "protect[ed] the Blunts fabrication" of evidence and "their repeated use of false testimony." *Id.* In their cross-appeal, the Blunts argued that the trial court abused its discretion by awarding excessive attorneys' fees and sanctions that were unsupported by the record. *Id.*

In its opinion, this Court first reviewed the trial court's attorneys' fee award for abuse of discretion. *Id.* This Court reviewed the trial court's findings of fact related to the attorneys' fee award for legal sufficiency and determined that several of the fact findings were not supported by legally sufficient evidence, rendering the trial court's attorneys' fee award an abuse of discretion. *Id.* at *6 ("We further conclude that Conclusion of Law 5, which states that

4

'Serafine demonstrated that she was entitled to recovery of $25,000 in reasonable attorney's fees incurred in defending against the dismissed legal actions' is incorrect because embedded in the calculation of fees incurred are fees calculated at an hourly rate conclusively shown by the evidence to be incorrect along with unrecoverable consulting expert fees.") With regard to the sanctions imposed on the Blunts, this Court held that "[i]n light of its own findings, the trial court deviated from the guiding principle that the sanctions imposed should be no more than is sufficient to deter future filing of actions subject to dismissal under the TCPA when it assessed sanctions of $5,000 against the Blunts." *Id.* at *7. We held that the sanctions award was arbitrary and unreasonable because the trial court imposed more than a nominal amount of sanctions despite finding that the Blunts were "not likely to file further actions that would implicate the TCPA" and that "an attorneys' fee award to Serafine would have a deterrent effect." *Id.* This Court sustained the Blunts' two issues on appeal, reversed both the attorneys' fee award and the sanctions award, and remanded the case to the trial court for "further proceedings solely on the issue of the amount of attorneys' fees and sanctions Serafine is entitled to under the TCPA." *Id.* at *8. Having reversed the judgment and remanded the case, this Court did not address Serafine's issues challenging the attorneys' fee award. *Id.* at *8 & n.8 (citing Tex. R. App. P. 47.1).

Serafine then filed a petition for review in the Texas Supreme Court. *See Serafine v. Blunt*, No. 22-0230 (petition for review filed March 26, 2022). In her petition for review, Serafine asserted that this Court "erred in opining that Rule 47.1 allowed it to decline to decide one side's issue and counter-arguments" and requested that the supreme court remand the case to this Court "for consideration of [Serafine's] issues and counter-arguments that were briefed but not decided." *Id.* In her petition for review Serafine also asserted that, by remanding the case

5

without addressing her arguments related to her allegations that the trial court had "protect[ed] the Blunts fabrication" of evidence and "their repeated use of false testimony," *see Serafine*, 2021 WL 5456660, at *2, this Court erred by "turn[ing] a blind eye to perjury." *Serafine*, No. 22-0230. The Texas Supreme Court denied Serafine's petition for review.

On remand, the trial court signed an amended final judgment awarding Serafine $20,659.75 in attorneys' fees and sanctions of $1.00 against each of the Blunts. The trial court issued supplemental findings of fact and conclusions of law in support of the revised amounts awarded in the amended judgment. Serafine filed a motion to modify the judgment, which the trial court denied. Serafine then perfected this appeal.

## DISCUSSION

In her first issue, Serafine asserts that this Court erred when, having found that the trial court's attorneys' fee award was not supported by legally sufficient evidence, it reversed the case and remanded it to the trial court without addressing Serafine's own challenges to the attorneys' fee award. *See Serafine*, 2021 WL 5456660, at *8 & n.8. She also contends as part of her second issue, that this Court erred by "refusing to rule on sustained, admitted perjury" when it remanded the case without addressing her arguments regarding the Blunts' alleged perjury. Serafine included both of these arguments in her petition for review filed in the Texas Supreme Court. That was the only proper manner of challenging this Court's disposition of her previous appeal, and the supreme court denied the petition for review. We overrule Serafine's first issue and her challenge to the Court's previous disposition of her arguments related to the Blunts' alleged perjury.

6

As part of her first issue, Serafine also asserts that the trial court violated this Court's mandate on remand by "ignoring the mandate to hold 'further proceedings.'" Serafine construes this Court's mandate as requiring the trial court to "hold" further proceedings, which she asserts must be a hearing.[2] This Court's mandate stated:

> Having reviewed the record and the parties' arguments, the Court holds that there was reversible error in the portion of the trial court's judgment awarding attorneys' fees and sanctions to [Serafine]. Therefore, the Court reverses that portion of the trial court's judgment and remands the case to the trial court *for further proceedings solely on the issue of the amount of attorneys' fees and sanctions [Serafine] is entitled to.* The Court affirms the judgment of the trial court in all other respects.

(emphasis added). Thus, the mandate does not instruct the court to "hold" any further proceedings but, rather, remands the case to the trial court "for" further proceedings on the attorneys' fees and sanctions issue. The trial court rendered an amended judgment awarding Serafine attorneys' fees of $20,659.75 and $2.00 in nominal sanctions. Serafine filed a motion to modify this judgment, which the court considered and denied. And the court filed findings of fact and conclusions of law supporting its amended judgment. These further proceedings addressing and adjudicating the award of attorneys' fees and sanctions based on the fully developed evidentiary record complied with and satisfied this Court's mandate remanding the case to the trial court for further proceedings on the issue of the amounts of attorneys' fees and sanctions to which Serafine was entitled. *See Nath v. Texas Children's Hosp.*, 576 S.W.3d 728, 735-36, 741-42 (Tex. App.—Houston [14th Dist.] 2016), *rev'd on other grounds*, 576 S.W.3d 707 (Tex. 2019) (noting that Texas Supreme Court had permitted trial court to rely on existing evidentiary record when redetermining sanctions on remand); *cf. Estate of Pollock v. McMurrey*,

---

[2] Although not clear from her briefing, Serafine appears to argue that the hearing should be an evidentiary one.

858 S.W.2d 388, 389 (Tex. 1983) (mandate specified need for evidentiary hearing by remanding for "further proceedings consistent with this opinion and with instructions to conduct an evidentiary hearing to determine overturned material facts"). We reject Serafine's assertion that the trial court did not comply with this Court's mandate. We overrule Serafine's first issue.

In her second issue, Serafine asserts that the trial court erroneously ignored Serafine's evidence related to her assertion that the Blunts committed perjury and fabricated evidence. We understand Serafine to complain that this proffered evidence renders the $2.00 nominal sanctions against the Blunts erroneous because that amount is too low to adequately sanction the Blunts for their conduct. As an initial matter, sanctions under the TCPA are intended to be "sufficient to deter the party who brought the legal action from bringing similar actions" described in the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a). "The guiding principle in determining the amount of sanctions to be imposed under the TCPA is that it be the amount sufficient to deter the party from filing actions in the future that are covered by the TCPA." *Serafine*, 2021 WL 5456660, at *6. Sanctions under the TCPA are not intended as a punishment for general forms of misconduct such as perjury, but for the specific purpose of deterring the sanctioned party from bringing "similar actions" described in the TCPA. We review a trial court's sanction award for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007).

The trial court made findings of fact that the Blunts have not filed any other legal actions implicating the TCPA and that the risk of their doing so in the future is "low."[3] The trial court also found that ordering the Blunts to pay Serafine's attorneys' fees would serve to deter

---

[3] These findings were included in the Findings of Fact and Conclusions of Law issued by the trial court on June 30, 2020, and were incorporated by reference into the court's supplemental findings of fact and conclusions of law supporting the amended final judgment.

8

the Blunts from filing actions prohibited by the TCPA in the future. These findings have not been challenged by Serafine either in this appeal or in the previous one and are therefore binding. *See Hegar v. El Paso Elec. Co.*, 629 S.W.3d 518, 527 (Tex. App.—Austin 2021, pet. denied) (unchallenged findings are binding unless no evidence supports them or the contrary is established as a matter of law). This Court noted in its previous opinion that the trial court's findings support an award of a nominal amount of sanctions, which is what the trial court did on remand. *See Serafine*, 2021 WL 5456660, at *7 (citing *Morales v. Barnes*, No. 05-18-00767-CV, 2020 WL 597346, at *4 (Tex. App.—Dallas Feb. 7, 2020, pet. denied) (mem. op.) (trial court may award nominal sanctions when it determines party is not likely to file similar action)). The court's sanctions award did not constitute an abuse of discretion. We overrule Serafine's second issue.

Serafine's third issue consists of a series of complaints about the trial court's award of attorneys' fees. First, she addresses the trial court's determination that it would use a 33% segregation factor when awarding her attorneys' fees—essentially awarding her two-thirds of the total attorneys' fees she incurred to reflect that her TCPA motion succeeded in securing dismissal of two of the Blunts' three counterclaims. Serafine supports her argument by stating that "the trial court on remand here drastically cut Serafine's attorneys' fees." We review an award of attorneys' fees under the TCPA for an abuse of discretion. *See Landa v. Rogers*, No. 03-21-00097-CV, 2023 WL 2697880, at *8 (Tex. App.—Austin Mar. 30, 2023, no pet.) (mem. op.). "[T]he appropriate inquiry is whether the court acted without reference to any guiding principles, that is, whether the court's act was arbitrary or unreasonable." *See Serafine*, 2021 WL 5456660, at *2. The TCPA directs the court to award the moving party "reasonable attorneys' fees . . . incurred in defending against the legal action." Tex. Civ. Prac. & Rem. Code

§ 27.009(a)(1). When reviewing the sufficiency of the evidence regarding the amount of attorneys' fees awarded to Serafine in the previous appeal, this Court determined that:

- "[T]he evidence shows that the Hays & Owens fees incurred for the work the trial court found was reasonable for defending against [the] counterclaims is $3,987.50"

- "[T]here was sufficient evidence that Serafine incurred $27,300 in fees for Bass's legal services related to defending against the Blunts' counterclaims."

*Serafine*, 2021 WL 5456660, at *4, 5. In its amended final judgment, the trial court awarded Serafine two-thirds (66%) of the total amount of fees supported by sufficient evidence, resulting in a fee award of $20,649.75. The trial court's findings of fact explain the basis for awarding Serafine 66% of the Hays & Owen and Bass fees and its determination that it was reasonable to apply a 33% segregation factor based on the two-thirds successful versus one-third unsuccessful aspects of Serafine's TCPA motion.[4] Rather than abuse its discretion, the trial court adhered to guiding principles by reasonably allocating two-thirds of the attorneys' fees to the two counterclaims dismissed on Serafine's TCPA motion.

Serafine also argues that the trial court's attorneys' fee award is an abuse of its discretion because it failed to include in its award any of the fees attributable to work done by Cleve Doty. The trial court disallowed any recovery for Doty's attorneys' fees because they were incurred performing work related to pursuing unsuccessful appellate proceedings in 2020. The trial court could reasonably have determined that fees incurred pursuing unsuccessful appeals

---

[4] These include Finding of Fact 15, which states that "[Serafine] was not successful on her Motion to Dismiss on all claims. Two out of the three legal actions were dismissed, and one remained as it was not found to implicate the [TCPA]," and Finding of Fact 16, which states that "[Serafine's] attorneys did not segregate [their] time between the successful and unsuccessful challenges. It was not demonstrated that the issues were so interwoven that they were not severable."

10

were not fees "incurred in defending against the legal action" that was dismissed pursuant to a motion to dismiss under the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(1) (successful motion to dismiss under TCPA entitles moving party to award of "reasonable attorney's fees [] incurred in defending against the legal action"). The trial court's failure to include any of Doty's fees in the attorneys' fee award was not an abuse of discretion.

Finally, Serafine argues that the trial court's findings of fact demonstrate that the trial court was biased against her and caused the court to abuse its discretion in making its attorneys' fee award and its sanctions award.[5] As previously discussed, the trial court's awards are supported by findings of fact about which Serafine does not complain and are therefore not an abuse of the trial court's discretion to determine what amount of fees and sanctions to award pursuant to TCPA section 27.009. We overrule Serafine's third issue.

## CONCLUSION

Having overruled Serafine's appellate issues, we affirm the trial court's judgment.

_____
Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed: July 24, 2024

---

[5] These include Finding of Fact 27, which states that "[the Blunts] want the litigation between them and [Serafine] to be concluded," and Finding of Fact 28, which states that "[Serafine] has been the instigator and prolonging force for this litigation."

11