**Melba Sue OVERSTREET, Appellant,**

v.

**The HOME INDEMNITY COMPANY, Appellee.**

No. 05–87–00009–CV.

Court of Appeals of Texas, Dallas.

Nov. 20, 1987.

Rehearing Denied Feb. 2, 1988.

 

S. Lynn Blakeman, John B. Wilson, Dallas, for appellant.

E. Thomas Bishop, P. Michael Jung, Dallas, for appellee.

Before DEVANY, McCLUNG and HECHT, JJ.

DEVANY, Justice.

Appellant, Melba Sue Overstreet, appeals from an order dismissing her suit against appellee, The Home Indemnity Company, with prejudice. In two points of error, Overstreet complains that the trial court abused its discretion in ordering her to produce certain records and in dismissing her suit for failure to comply with the court's discovery order. We hold there was no abuse of discretion by the trial court and affirm.

On October 2, 1979, Overstreet, as plaintiff below, filed suit against Home Indemnity, as defendant below, for worker's compensation benefits allegedly due Overstreet. Home Indemnity responded with a general denial and filed its first set of interrogatories on May 30, 1980. Overstreet failed to answer the interrogatories within the designated period and made no request for an extension of time. On July 28, 1980, Home Indemnity moved to dismiss Overstreet's suit as a discovery sanction. The motion was set for hearing on August 8, 1980; as a result, on August 7, 1980, she filed her response to the interrogatories. After the August 8, 1980 hearing, the trial court denied Home Indemnity's motion to dismiss.

On August 12, 1980, Home Indemnity issued notice of its intention to depose Overstreet on August 27, 1980. Although Overstreet did not complain to the court about the date or time of the deposition, she failed to appear for it. After Overstreet was thirty-five minutes past due, counsel for Home Indemnity telephoned Overstreet's counsel, who informed him that neither he nor his client would appear for the deposition. Home Indemnity filed a motion for sanctions on August 29, 1980. After a hearing was held on this motion on

824

September 25, 1980, the trial court ordered Overstreet to pay Home Indemnity one hundred dollars in attorney's fees and forty dollars for the court reporter's fees. After a month had passed and Overstreet had not paid the $100 attorney's fee, Home Indemnity once again moved to dismiss the suit. One day before the hearing on this motion, Overstreet paid the court-ordered sanctions. Following the hearing, the trial court denied the motion to dismiss.

On September 17, 1980, Overstreet was deposed. One week later, the transcribed deposition was delivered to Overstreet's counsel's office for Overstreet's signature. Although Overstreet filed no objections to the transcribed deposition, six months later she had still not signed or filed her deposition. Home Indemnity moved the trial court to compel Overstreet to sign and file her deposition. On June 2, 1981, nine months after her deposition was taken, the trial court ordered Overstreet to sign and file her deposition. Overstreet complied with this order.

On October 26, 1981, *the date the case was set for trial,* Overstreet served three subpoenas *duces tecum.* The first demanded all records pertaining to Overstreet "including but not limited to insurance records, work records, labor relations records, health records, medical records, employment records, and personnel records." The second demanded instant appearance and production of payroll records of Overstreet and three co-employees "showing number of days actually worked, total wages paid and/or earned, and value of all fringe benefits provided in addition to and/or in lieu of wages, from 4–13–78 to the present." The third subpoena called for production *instanter* of:

1. Five 100 lb. bags of potatoes
2. Fourt (sic) 50 lb. bags of onions
3. One bag, crib, or package of carrots
4. One 50 lb. mesh bag or other container of peanuts
5. Seven boxes of bananas before opening
6. Five boxes of (sic) crates of celery
7. One dry pallet or flat
8. One wet pallet or flat
9. One produce crib or bin
10. One hammer used in the dept.

Due to the granting of a mistrial on other grounds, the trial court did not have an opportunity to rule on the propriety of these subpoenas.

On January 21, 1982, Home Indemnity filed a request for admissions from Overstreet. This document was served on Overstreet by hand delivery to her counsel. The requests were to be answered on or before February 1, 1982. Overstreet did not answer, object to, otherwise respond to the request, or move for additional time in which to answer within this period. On February 12, 1982, Overstreet filed a motion to enlarge the time for filing her answers to the request for admissions. This motion did not set forth any reason or excuse for Overstreet's failure to timely answer and was denied by the trial court.

We shall now briefly summarize some of the remaining discovery abuses by Overstreet. Overstreet violated the local rules by the manner and means in which she scheduled several depositions. Her supplemental answers to Home Indemnity's 1980 interrogatories were not timely under Texas Rules of Civil Procedure 168 (7)(a)(3). She also attempted to switch deponents without giving proper notice.

The final abuse of the discovery process that led to this appeal was Overstreet's actions concerning a request for production made to her on April 9, 1986. The request for production set a deadline of "May (blank), 1986" for a response. Overstreet responded to the request on June 2, 1986. In this response, Overstreet refused to produce her financial records because she asserted that her claim for lump sum benefits was moot and that, therefore, the documents were irrelevant and nondiscoverable. On June 3, 1986, Home Indemnity moved to compel Overstreet to produce these documents and for sanctions. Following a June 26, 1986 hearing, the trial court ordered Overstreet to appear for a deposition on July 10, 1986 and then and there produce "true, correct, and legible copies of all deposit slips, check stubs,

checking account books, monthly checking account statements, monthly savings account statements, bank receipts for certificates of deposit or other deposits, and bank records reflecting her banking transactions for the period from June 1, 1981, through the present." Overstreet appeared for the July 10 deposition but refused to produce any documents. Home Indemnity again moved for sanctions. Following an August 1, 1986 hearing, the trial court ordered Overstreet to produce these documents no later than August 19, 1986. The trial court's order further provided that "should Melba Sue Overstreet fail to comply with the directions by the time and in the manner specified her pleadings shall be stricken and this action shall be dismissed without further notice or hearing." On August 19 Overstreet produced some but not all of the documents. On August 21, 1986, Home Indemnity made its *fifth* motion for sanctions. Home Indemnity requested that Overstreet's pleadings should be stricken and her action dismissed because of her repeated abuses of the discovery process. Following a hearing, this motion was granted and on September 16, 1986, the trial court dismissed Overstreet's action with prejudice as a discovery sanction. This appeal followed.

 In her first point of error, Overstreet contends that the trial court abused its discretion in ordering her to produce her banking and financial records because neither good cause nor materiality existed because her claim for lump sum benefits was moot. First, since Overstreet failed to object to Home Indemnity's discovery request within 30 days after service of the request, she has waived any objections to being required to produce these documents. See *Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex. 1985); *Independent Insulating Glass/Southwest, Inc. v. Street*, 722 S.W. 2d 798, 801–02 (Tex.App.—Ft. Worth 1987, writ dism'd w.o.j.); TEX.R.CIV.P. 167(2). Second, Overstreet's claim for lump sum benefits was not "moot" at the time as the 401–week recovery period for total and permanent disability would not have expired until December 19, 1986. Third, Overstreet

never amended her pleadings to eliminate her prayer for the recovery of "lump sum" benefits. Fourth, Overstreet mistakenly relies on the obsolete "good cause/materiality" standard for motions for production of documents under TEX.R.CIV.P. 167 as it existed prior to the 1981 amendments to the Texas Rules of Civil Procedure. The 1981 amendments abolished the "good cause/materiality" test. *See* 26 B. McElroy, *Texas Practice: Civil Pre-Trial Procedure* §§ 1505–06 (1980); Spears, *The Rules of Civil Procedure: 1981 Change in Pre-Trial Discovery*, 12 St. Mary's L.J. 633, 643–44 (1981). The applicable standard is whether the documents are relevant or are reasonably calculated to lead to the discovery of admissible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex.1985); *Valley Forge Ins. Co. v. Jones*, 733 S.W.2d 319, 321 (Tex.App.—Texarkana 1987, no writ); TEX.R.CIV.P. 166b(2)(a). In a worker's compensation case where the plaintiff is alleging total and permanent incapacity, it is clear that the plaintiff's banking and financial records would be not only relevant but vital in determining the validity of the claim. To give just one example: if her records showed full time employment as a dancing instructor during the period of her alleged incapacity, such evidence would be extremely helpful to the defendant.

In addition, Overstreet had requested "lump sum" benefits due to financial hardship. It is plain that Home Indemnity had to have the records it requested to test Overstreet's claim. In a case such as this, a plaintiff's financial and banking records clearly are relevant and/or reasonably calculated to lead to the discovery of admissible evidence. For the reasons stated above, Overstreet's first point of error is without merit and is overruled.

 Overstreet's second point of error asserts that the trial court's order dismissing her cause of action was arbitrary and unreasonable. It is axiomatic that a trial court enjoys broad discretion in formulating a discovery sanction and the trial court's order will not be overturned on appeal absent a clear showing of an abuse of discretion, *e.g. Bodnow Corp. v. City of*

*Hondo,* 721 S.W.2d 839, 840 (Tex.1986); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Petitt v. Laware,* 715 S.W.2d 688, 690 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

Further, in exercising its discretion in choosing the appropriate sanction, the trial court is not limited to considering only the specific violation for which sanctions are finally imposed, but can consider everything that has occurred during the history of the litigation. *Downer,* 701 S.W.2d at 242; *First State Bank v. Chappell and Handy,* 729 S.W.2d 917, 921 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Medical Protective Co. v. Glanz,* 721 S.W.2d 382, 388 (Tex.App.—Corpus Christi 1986, writ ref'd). The record in this case shows a seven-year pattern by Overstreet of abusing both the discovery process and judicial process. In our view, the trial court exercised extreme patience in allowing Overstreet and her counsel to continue these abuses for seven years before finally acting.

The vexing problem of abuse of the discovery process has long been a problem in Texas. *See* Barrow & Henderson, *1984 Amendments to the Texas Rules of Civil Procedure Affecting Discovery,* 15 St. Mary's L.J. 713 (1984); Kilgarlin & Jackson, *Sanctions for Discovery Abuse Under New Rule 215,* 15 St. Mary's L.J. 767 (1984); Pope & McCanico, *Practicing Law With the 1981 Texas Rules,* 32 Baylor L.Rev. 457 (1981); Spears, *The Rules of Civil Procedure: 1981 Changes In Pretrial Discovery,* 12 St. Mary's L.J. 633 (1981).

The above cited articles, authored by current and former members of our supreme court, all agree that the trial judges in this state must be more willing to use sanctions if the courts are ever going to rid themselves of discovery abuses. In the instant case, rather than holding that the trial court abused its discretion, we are more inclined to hold that the trial court was too lenient for too long with Overstreet and her counsel. Therefore, no abuse of discretion has been shown. *See Jarrett v. Warhola,* 695 S.W.2d 8, 9–10 (Tex.App.—Hous-

ton [14th Dist.] 1985, writ ref'd.); *Notgrass v. Equilease Corp.,* 666 S.W.2d 635, 638 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd. n.r.e.); *Fears v. Mechanical and Industrial Technicians, Inc.,* 654 S.W.2d 524, 528–29 (Tex.App.—Tyler 1983, writ ref'd. n.r.e.); *Waguespack v. Halipoto,* 633 S.W.2d 628, 630–34 (Tex.App.—Houston [14th Dist.] 1982, writ dis'd. w.o.j.). Overstreet's second point of error is overruled.

The judgment of the trial court is affirmed.