# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-01-00283-CV
===============

**Income Administrator Services, Inc., Appellant**

**v.**

**Samuel E. Payne, Appellee**

=====================================================================
### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 96-426-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING
=====================================================================

Appellant Income Administrator Services, Inc. ("IAS") asks this Court to determine whether the district court abused its discretion in granting Samuel Payne's motion for sanctions. In two issues, IAS claims the district court erred by (1) awarding sanctions under Chapter 10 of the Civil Practices and Remedies Code, and (2) awarding sanctions in the form of attorney's fees incurred since initiation of the action. Because appellant has not shown that the district court abused its discretion, we will overrule IAS's issues and affirm the district court's judgment.

## BACKGROUND

In Fall 1992, IAS employed Payne as its broker to purchase real estate in Travis County. After several unsuccessful attempts to purchase the property on behalf of IAS, Payne

purchased the real estate for himself. Four years later on November 7, 1996, IAS brought suit against Payne claiming breach of contract, fraud, and breach of fiduciary duty. The jury failed to find Payne liable. Thereafter, Payne filed a motion for sanctions claiming IAS made allegations without factual support and for improper purposes. On February 1, 2001, the district court rendered judgment on the jury's verdict that IAS take nothing; on April 11, 2001, the court granted Payne's motion for sanctions.

The basis for the sanctions against IAS is an allegation (sometimes referred to as the "critical allegation") contained in both its original petition filed November 7, 1996 and in its first amended original petition filed June 14, 2000. The critical allegation states:

> At some point late in October or early November, 1992, Defendant advised Plaintiff to cease any and all negotiations on the property. Plaintiff complied with this request because he believed that Defendant, his broker, was more experienced and qualified in real estate transactions. On November 25, 1992, while still under contract as Plaintiff's agent, Defendant, acting in his own capacity and without informing or notifying Plaintiff of his actions, began negotiations on his own behalf, and ultimately purchased the property in question for himself.

Payne's motion addressed the amended petition. The district court found that "[t]he Plaintiff's attorney signed the First Amended Original Petition filed on June 12, 2000 for the Plaintiff in violation of Tex. Civ. Prac. & Rem. Code § 10.001, subsections (1) and (3)." The court ordered IAS to pay Payne sanctions in the amount of $165,136.95 for "[t]he reasonable expenses and attorney's fees incurred by Defendant in presenting his motion for sanctions" and "the attorney's fees and expenses paid by the Defendant to his attorneys, which were reasonable and necessary to defend this case through trial."

2

**DISCUSSION**

In its first issue, IAS contends that the district court erred by awarding sanctions because the critical allegation, while difficult to prove, does not violate Chapter 10. We review a district court's award of sanctions provided in Chapter 10 of the Civil Practices and Remedies Code under the abuse of discretion standard. *Herring v. Welborn*, 27 S.W.3d 132, 143 (Tex. App.—San Antonio 2000, pet. denied). When reviewing a district court's finding under the abuse of discretion standard, we may not substitute our judgment for that of the district court. *Schlager v. Clements*, 939 S.W.2d 183, 191 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Rather, we are limited to determining whether the district court abused its discretion by either acting arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplying the law to the established facts of the case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A district court abuses its discretion in imposing sanctions only if it bases its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Monroe v. Grider*, 884 S.W.2d 811, 816 (Tex. App.—Dallas 1994, writ denied). In deciding whether the sanctions constitute an abuse of discretion, we examine the entire record. *Herring*, 27 S.W.3d at 143.

Section 10.004(a) of the Civil Practices and Remedies Code authorizes a district court to impose sanctions for a violation of Section 10.001: "A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a) (West Supp. 2002). Sections 10.001(1) & (3) of the Civil Practices and Remedies Code state:

The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1)   the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation; . . . [and]

(3)   each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

*Id.* § 10.001(1), (3).

In its order granting Payne's motion for sanctions, the district court found that the critical allegation lacked evidentiary support and that IAS's "First Amended Original Petition filed on June 12, 2000 was presented for improper purposes, namely for harassment, and to increase the costs and risks of litigation to [Payne]." The order recites that the only evidence supporting the critical allegation was the testimony of Mr. Garret Lacour, IAS's president, and that in order for the jury to have found Payne not liable, it had to believe Lacour was lying. The order further states, "The Court agrees with this implied finding of the jury and further finds independently of the jury that the Plaintiff was lying."

Our review of the record leads us to conclude that the district court did not abuse its discretion in imposing sanctions. The record contains sufficient evidence supporting the district court's finding that IAS made the critical allegation for improper purposes, namely harassment, and

4

to increase the costs and risks of litigation to Payne. *See id.* § 10.001(1).[1] Lacour testified that Payne advised him to stop negotiating for the property early in November 1992; two witnesses, Bill Naddef and Rodney Varner, testified to the contrary. Each said that Payne continued to negotiate as trustee on behalf of IAS until Payne's and IAS's buyer's representation agreement expired on December 15, 1992. Lacour further testified that Mr. Bill Yahn told him sometime in late November or early December 2000 that Payne was attempting to purchase the property for himself. Yahn, however, testified that while he may have informed Lacour that another prospective buyer had made an offer for the property, he did not tell Lacour the identity of the prospective buyer. Finally, Lacour testified that he was shocked and offended by Payne's actions, but believed that Payne had already secured a contract on the property and that it was too late to pursue it further. Yahn testified that Lacour attempted to purchase the property again in April 1993.

The strongest evidence supporting the district court's finding that IAS made the critical allegation in violation of Chapter 10 is the affidavit of Don Williams. In his affidavit,

---

[1] IAS contends the district court erred by relying on irrelevant testimony:

> Payne made no effort to and did not offer any evidence as to the relevant time period of June 12, 2000 when the pleading was signed, but merely relied on trial testimony. . . . Therefore, because the attempted evidentiary support for the Motion for Sanctions was not based on the relevant time period, the Trial Court abused its discretion in finding a violation of section 10.001(3) based on the evidence offered at trial.

Contrary to IAS's contention, the district court may consider the entire record and all the offending parties' conduct in determining whether to impose sanctions. *See Overstreet v. Home Indemn. Co.*, 747 S.W.2d 822, 826 (Tex. App.—Dallas 1987, writ denied) (holding that in imposing sanctions the court is not limited to considering the specific violation for which the sanction is to be imposed, but can consider everything that has occurred during the litigation). As such, we cannot say the district court erred by considering evidence of IAS's knowledge and belief prior to June 12, 2000.

Williams stated that Lacour said "his trial was coming up, and that he knew he wouldn't win it, but he was going to 'take Mr. Payne for a ride,' that is, cause him to spend a lot of money."[2] In light of Williams's affidavit and the evidence controverting Lacour's testimony, sanctioning IAS for the critical allegation was within the district court's discretion to deter repetition of IAS's conduct in this case or comparable conduct by others similarly situated. *See id.* § 10.004(b). We overrule IAS's first issue.

### *Award of Attorney's Fees for the Entire Case*

IAS contends that even if the district court did not err in granting Payne's motion for sanctions under Chapter 10, it erred in awarding Payne attorney's fees for the entire case. Section 10.004(c)(3) authorizes a district court to impose sanctions in the form of attorney's fees: "A sanction may include . . . an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees." *Id.* § 10.004(c)(3). IAS claims that section 10.004(c)(3) limits the amount of attorney's fees that could be awarded as sanctions to those incurred after the June 2000 petition:

---

[2] IAS contends that "[a]t most, IAS's president acknowledged that his case was weak and he would have a difficult time prevailing." IAS contends that "the case law is clear that a weak case is not a sanctionable case." We agree that a case is not sanctionable merely because it is weak. *See Falk & Mayfield L.L.P. v. Molzan*, 974 S.W.2d 821, 824 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Neither is it proper to punish a claimant merely because the jury is unpersuaded by the plaintiff's proof. However, the district court did not sanction IAS because its case was weak or solely for Lacour's statement to Williams; IAS was sanctioned because the district court found, based on all of the evidence, that the critical allegation was filed "for improper purposes, namely for harassment, and to increase the costs and risks of litigation to [Payne]."

With regard to awarding attorneys' fees to the other party, the Trial Court only has the discretion upon finding a violation of section 10.001 to order the payment of reasonable expenses and attorneys' fees incurred by the other party "because of the filing of the pleading."

IAS contends that 10.001 provides for sanctions relating to the filing of a particular pleading. IAS urges that, despite the fact its original 1996 petition contained the critical allegation, Payne's motion for sanctions complained only of the June 2000 petition, and therefore IAS did not have notice and opportunity to respond regarding the original petition. Furthermore, IAS contends that its "knowledge, information and belief . . . at the time of the Original Petition and at the time of the First Amended Petition were completely different which would necessitate different arguments and responses of both parties." The essence of IAS's issue is that, based on its knowledge, information, and belief at the time its original petition was filed, the critical allegation was "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *See id.* § 10.001(3). Therefore, IAS contends, at most it could be sanctioned for filing its June 2000 petition, the court could only award attorney's fees incurred thereafter, and the district court erred by awarding sanctions for the entire case.

We measure whether an imposition of sanctions is just by two standards. *Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). First, a direct relationship must exist between the offensive conduct and the sanction imposed. *Id.* This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. *Id.* Sanctions may also be imposed to secure compliance, deter future violations, and punish violators. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1996). Second, just

7

sanctions must not be excessive. *Transamerican*, 811 S.W.2d at 917. "The punishment should fit the crime." *Id.*

Here, the district court imposed sanctions in the amount of $165,136.95 representing "[t]he reasonable expenses and attorney's fees incurred by Defendant in presenting his motion for sanctions" and "the attorney's fees and expenses paid by the Defendant to his attorneys, which were reasonable and necessary to defend this case through trial." The court further stated that the sanction was "sufficient to deter repetition of Plaintiff's conduct in this case or comparable conduct by others similarly situated."

We cannot say that the sanction imposed by the district court is excessive or violates the guidelines elucidated in *Transamerican*. *See id.* The sanction imposed bears a direct relation to the offensive conduct at issue here—IAS's efforts to increase the cost of litigation and harass Payne. The purpose of the sanction in this case was not only to reimburse Payne for the costs of fees and expenses incurred in the litigation, but also "to deter repetition of Plaintiff's conduct in this case or comparable conduct by others similarly situated." Because the sanction had a punitive purpose, the amount of the award was within the discretion of the district court. Were we to limit the sanctions to Payne's attorney's fees and costs incurred after the June 2000 petition, we would enable future parties to avoid responsibility for making unsupported allegations by filing an amended petition shortly before trial, as IAS did in this case. Such a lesser sanction would not serve the goal of deterring "comparable conduct by others similarly situated." Accordingly, we cannot say the district court clearly abused its discretion by awarding $165,136.95 in sanctions. IAS's second issue is overruled.

## CONCLUSION

We overrule IAS's complaints on appeal. We therefore affirm the judgment of the district court.

_

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: December 20, 2001

Do Not Publish